SCHNEIDER NATIONAL CARRIERS, INC v STATE OF MICHIGAN
(ON REMAND)

Docket No. 208346. Submitted July 17, 2001, at Lansing. Decided October
19, 2001, at 9:00 A.M. Leave to appeal sought.

Schneider National Carriers, Inc., and others brought an action in the
Court of Claims against the state of Michigan and others, seeking a
refund of fees paid pursuant to the Single State Registration Sys-
tem (SSRS), 49 USC 11506, recodified at 49 USC 14504. The court,
Peter D. Houk, J., granted summary disposition for the defendants.
In an unpublished opinion per curiam issued May 14, 1999 (Docket
No. 208346), the Court of Appeals, FITZGERALD, P.J., and DOCTOROFF
and WHITE, JJ., relying on *Yellow Freight System, Inc v Michigan*,
231 Mich App 194 (1998), as precedent, reversed and remanded for
calculation of a refund. The Supreme Court, in lieu of granting
leave to appeal, vacated the decision of the Court of Appeals and
remanded the case to the Court of Appeals for reconsideration in
light of *Yellow Freight System, Inc v Michigan*, 454 Mich 21 (2001),
in which the Supreme Court reversed the Court of Appeals deci-
sion in that case. 464 Mich 866 (2001).

On remand, the Court of Appeals *held*:

1. The Court of Claims did not err in finding that a $10 a vehicle
assessment constituted a fee for the filing of proof of insurance
as permitted by 49 USC 11506(c)(2)(B)(iv), now 49 USC
14504(c)(2)(B)(iv). Before it was changed in 1992, the SSRS permit-
ted a state to require a motor carrier operating under authority
granted by the Interstate Commerce Commission (ICC) to file and
maintain a record of that authority with the state, which could
charge up to $10 a vehicle for the filing. That fee was collected in
Michigan pursuant to MCL 478.7. In 1992, the SSRS was changed to
prohibit a state from charging a fee for filing and maintaining a
record of authorization by the ICC. A state is, however, permitted to
charge a fee for the filing of proof of insurance. Despite a lack of
amendment following the 1992 changes to the SSRS, MCL 478.7
speaks generally of an annual fee and does not exclude the prac-
tice of requiring filing of proof of insurance and assessing a $10 a
vehicle fee for that filing. Moreover, MCL 475.2 provides that the
Michigan Public Service Commission (MPSC) is charged with the

power, authority, and duty to supervise and regulate the transportation of property over the public highways of this state so as to protect and conserve the highways and protect the safety and welfare of the traveling and shipping public in their use of the highways.

2. The Court of Claims erred in failing to order the MPSC to refund overpayments made by the plaintiffs in 1994 and 1995. The plaintiffs erroneously paid $100 fees required under MCL 478.2 and $10 fees required under MCL 478.7 despite an internal administrative policy of the MPSC to waive the $10 fee required by MCL 478.7 for vehicles registered under MCL 478.2. The defendants' assertions that plaintiffs' claims regarding 1994 and 1995 were untimely because the notice required by MCL 600.6431 was not filed were properly rejected by the Court of Claims in the absence of prejudice to the defendants. The defendants assert that the plaintiffs have no legal basis on which to seek recovery because the defendants had statutory authority to assess both fees and the overpayment was voluntary rather than the result of miscalculation by the defendants. The defendants, however, do not deny that for the years in question, they did not charge both fees. The cases cited by the defendants in support of their position are inapposite and involve claims of right based on practices or policies that were changed. In this case, the defendants do not assert that they changed the policy for the years at issue.

Affirmed in all respects except the denial of the overpayment refund for the 1994 and 1995 fees.

COMMERCE — INTERSTATE MOTOR CARRIERS — PROOF OF INSURANCE.

The Michigan Public Service Commission has the authority to charge interstate motor carriers a $10 a vehicle fee for the filing of proof of insurance, as allowed by 49 USC 14504(c)(2)(B)(iv) (MCL 478.7).

*Dean & Fulkerson* (by *John W. Bryant*), for the plaintiffs.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *David A. Voges* and *Henry J. Boynton*, Assistant Attorneys General, for the defendants.

Before: FITZGERALD, P.J., and DOCTOROFF and WHITE, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court for reconsideration in light of *Yellow Freight System v Michigan*, 464 Mich 21; 627 NW2d 236 (2001), petition for cert filed 70 USLW 3130 (US, August 13, 2001) (No 01-270), in which the Supreme Court reversed this Court's decision, *Yellow Freight System, Inc v Michigan*, 231 Mich App 194; 585 NW2d 762 (1998), that 49 USC 11506(c)(2), recodified at 49 USC 14504(c)(2), was properly interpreted to require that the fees charged under the Single State Registration System (SSRS) for the 1992 calendar year be no greater than those paid for the 1991 year. 464 Mich 866 (2001). In the instant case, on the basis of the controlling authority of the earlier published Court of Appeals decision in *Yellow Freight*, we reversed the Court of Claims order granting summary disposition to defendants. *Schneider Nat'l Carriers, Inc v Michigan*, unpublished opinion per curiam, issued May 14, 1999 (Docket No. 208346). *Yellow Freight* having been reversed, we now address plaintiffs' remaining arguments for reversal.

Plaintiffs first contend that the Court of Claims erred in finding that the $10 assessment per vehicle constitutes a fee "for the filing of proof of insurance" as permitted by 49 USC 11506(c)(2)(B)(iv). We disagree.

The federal SSRS scheme prohibits states from charging fees for "filing and maintaining a certificate or permit" issued for interstate operations by the

Interstate Commerce Commission (ICC). States are, however, permitted to charge fees "for the filing of proof of insurance." MCL 478.7 provides:

> (1) A motor carrier shall not engage in the interstate or foreign transportation of property for compensation without first having registered with the commission and paid the required registration and vehicle fees.
>
> (2) A motor carrier operating in this state under authority granted by the interstate commerce commission pursuant to section 10922 of subchapter II of chapter 109 of subtitle IV of title 49 of the United States code, 49 U.S.C. 10922, shall file and maintain a record of that authority with the commission. A motor carrier shall not operate within this state without first complying with this subsection.
>
> \*   \*   \*
>
> (4) The annual fee levied on each interstate or foreign motor carrier vehicle operated in this state and licensed in another state or province of Canada shall be $10.00. The commission may enter into a reciprocal agreement with a state or province of Canada that does not charge vehicles licensed in this state economic regulatory fees or taxes and may waive the fee required under this subsection.

The Michigan provisions were enacted in 1988, well before the 1992 changes to the federal scheme. Before 1992, the federal regulations permitted the states to require a motor carrier to register and identify any vehicle as operating under the authority of the ICC, and provided for the issuance of identification stamps by the state, or the assignment of an identification number. The scheme permitted the state to charge up to $10 for the issuance of the stamps or number. The Michigan Legislature has not modified MCL 478.7 following the enactment of the new federal scheme. The Michigan Public Service Commission

(MPSC) has continued to collect the $10 fee, treating it as a fee for the filing of proof of insurance. Plaintiffs assert that the MPSC lacks the statutory authority to collect the $10 fee for this new purpose absent "statutory redirection from the Legislature" after the enactment of the SSRS provisions.

In concluding that the $10 fee assessed by the MPSC did not violate the federal scheme as an unauthorized fee, the Court of Claims observed that the procedures manual appended to the affidavit of Thomas Lanergan, director of the Motor Carrier Regulations Division of the MPSC, stated:

> VIII. REGISTRATION RECEIPTS
>
> A. The registration state shall collect the fee (not to exceed $10.00 per motor vehicle) that each participating State collected or charged per motor vehicle as of November 15, 1991. These fees shall be for filing and maintaining proof of insurance. No other fee shall be collected or assessed either directly or indirectly.

Plaintiffs object that the manual is not an MPSC manual, but rather, is a procedures manual developed by the National Association of State Transportation Specialists. However, it is not disputed that the MPSC follows the manual in requiring the filing of proof of insurance and in assessing a $10 fee for the filing. The crux of the dispute is whether the MPSC had the authority to modify its procedures to comply with the SSRS without statutory authorization from the Legislature.

The MPSC is charged with the "power," "authority," and "duty" to

> supervise and regulate the transportation of property . . . over the public highways of this state in all matters *whether*

*specifically mentioned herein or not,* so as to: . . . (b) protect and conserve the highways and *protect the safety and welfare of the traveling* and shipping *public in their use of the highways* . . . . [MCL 475.2 (emphasis added).]

Requiring the filing of proof of insurance is fairly within the authority granted to the MPSC.

Further, while the present, pre-SSRS statutory provisions are clearly consistent with the former practice of requiring registration and assessing a $10 fee for that registration, the language is not restrictive, speaking generally of an annual fee, and does not exclude the current post-SSRS practice of requiring filing of proof of insurance and assessing $10 for that filing. Further, the question is one of legislative intent, and it seems clear that the Legislature intended to assess the maximum charge permitted under the federal scheme. Thus, the Court of Claims did not err in rejecting plaintiffs' argument that the MPSC's practice is beyond its statutory authority and contrary to the federal statute.

Plaintiffs also contend that the Court of Claims erred in failing to order that the MPSC refund certain overpayments. MCL 478.2 provides for a registration fee of $100. The MPSC's internal administrative policy was to waive the $10 fee required by MCL 478.7 for vehicles registered under MCL 478.2. In 1994, 1995, and 1996, plaintiffs erroneously paid fees under both provisions. When notified of the error, the MPSC returned the fees for 1996, but refused to return the fees for the earlier years. The Court of Claims did not specifically address this claim.

Defendants assert that plaintiffs' claims regarding 1994 and 1995 are untimely because the notice required by MCL 600.6431 was not filed. However, the

Court of Claims rejected defendants' general defense under that section on the basis that defendants produced no evidence attempting to show that they were actually prejudiced. We see no error in that ruling. Defendants also assert that because they had the statutory authority to assess both fees and simply declined to do so as a matter of policy, and the overpayment was voluntary rather than the result of a miscalculation by defendants, plaintiffs have no legal basis on which to seek recovery. Defendants do not, however, deny that for the years in question they did not charge both fees. The cases cited by defendants in support of their position are inapposite and involve claims of rights based on practices or policies that were changed. Here, defendants do not assert that they changed the policy for the years at issue.

Thus, we affirm the Court of Claims decision in all respects except the denial of the overpayment refund for the 1994 and 1995 fees.